UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES STEWART-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00026-JRS-DLP ) |
| FRANK BUSBY Sergeant at WVCF, individual and official capacities, ZACHARY ADAMS Corrections Officer at WVCF, individual and official capacities, JOHNATHON NEAL Corrections Officer at WVCF, individual and official capacities, SAMANTHA J. DAWDY RN at WVCF, individual and official capacities, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY GRANTING UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS DAWDY AND NEAL**

**I. Background**

Plaintiff James Stewart-Bey, an inmate confined at the Wabash Valley Correctional Facility (Wabash Valley), filed this civil rights action on December 4, 2018. Two of the four defendants, Nurse Dawdy and Officer Neal, have moved for summary judgment seeking resolution of the claims against them on the basis that Mr. Stewart-Bey failed to exhaust his available administrative remedies before filing this action. Dkt. 23; dkt. 49. Mr. Stewart-Bey has not opposed the motions for summary judgment and the deadline for doing so has passed. For the reasons explained in this Entry, the moving defendants' unopposed motions for summary judgment must be granted.

The claim against Officer Neal is that he failed to respond to Mr. Stewart-Bey's emergency medical needs; while the claim against Nurse Dawdy is that she was deliberately indifferent to his serious medical needs. Dkt. 6.

## II. Legal Standards

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The motions for summary judgment, brief in support, and Rule 56 notice were served by Nurse Dawdy and Officer Neal on Mr. Stewart-Bey on July 18, 2019, dkt. nos. 23, 24, 25, 26, and on October 18, 2019, dkt. nos. 49, 50, 51, respectively. As noted, Mr. Stewart-Bey has not opposed the motions. The consequence of Mr. Stewart-Bey's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response

must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "[r]educ[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act

The substantive law applicable to the motions for summary judgment is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendants to demonstrate that Mr. Stewart-Bey failed to exhaust all available administrative remedies before he filed this suit. *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

## III. Discussion
### A. Facts

The following facts, unopposed by Mr. Stewart-Bey and supported by admissible evidence, are accepted as true for purposes of the motions for summary judgment:

Mr. Stewart-Bey was confined at Wabash Valley at all times relevant to his complaint. Dkt. 1 at 2. At the time of the alleged incident that occurred on November 7, 2018, Wabash Valley had a grievance program in place pursuant to Indiana Department of Correction (IDOC) policy. Dkt. 25-1 at ¶ 3; dkt. 49-1 at ¶ 9. The procedure in place at the time of the alleged incident is titled "Offender Grievance Process, Policy and Procedure 00-02-301." *Id*; dkt. 25-2; dkt. 49-2. The applicable Offender Grievance Process went into effect on October 1, 2017.

The offender grievance process has three formal steps: (1) a formal grievance identifying a problem or concern if efforts to informally resolve the issue are unsuccessful; (2) a written appeal of the grievance response to the Warden/designee; and (3) a written appeal of the grievance response to the Department Grievance Manager. Dkt. 25-2 at 3; dkt. 49-2 at 3. Exhaustion of the grievance process requires an offender to timely complete all three steps, unless the offender shows good cause for a delayed grievance. Dkt. 25-2 at 13; dkt. 49-2 at 13. A formal grievance must be submitted to the Offender Grievance Specialist no later than ten business days from the date of the incident giving rise to the complaint. Dkt. 25-2 at 9; dkt. 49-2 at 9.

Offenders are made aware of the Offender Grievance Process during orientation, and the written policy is made available in the law library. Dkt. 25-1 at ¶ 6; dkt. 49-1 at ¶¶ 13-17. The Offender Grievance Process is available to offenders at all times, including when they are in restricted housing or segregation. Dkt. 49-1 at ¶ 13. Prior to November 7, 2018, Mr. Stewart-Bey had filed twelve accepted formal grievances and five accepted formal appeals. Dkt. 49-3 at 1-3.

Mr. Stewart-Bey did not file any accepted formal grievances or formal grievance appeals which allege that defendants Neal, Dawdy, or any other Wabash Valley staff member failed to respond, or inadequately responded, to his requests to see a nurse on November 7, 2018, or to his requests concerning medical care. Dkt. 25-1 at ¶ 18; dkt. 49-1 at ¶ 21.

Mr. Stewart-Bey did, however, file three grievances related to an alleged incident with custody staff on November 7, 2018. One grievance concerned damage caused to his Qur'an by OC Spray. Another grievance complained about his placement in a stripped cell following the incident. The third grievance related to his allegations that custody staff used excessive force on him. Mr. Stewart-Bey filed a formal grievance, formal appeal, and appeal to the Department Grievance Manager relating to his claims of excessive force on November 7, 2018. Dkt. 25-1 at ¶¶ 19-21; dkt. 49-1 at ¶¶ 21-25.

**B.     Analysis**

The undisputed facts demonstrate that the moving defendants have met their burden of proving that Mr. Stewart-Bey "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The record demonstrates that there was an administrative remedy process in place of which Mr. Stewart-Bey was aware, but that he failed to initiate and complete the grievance procedure before bringing his claims against defendants Dawdy and Neal. Mr. Stewart-Bey has not identified a genuine issue of material fact supported by admissible evidence that rebuts the facts established by these defendants.

The consequence of Mr. Stewart-Bey's failure to exhaust his administrative remedies as to the claims brought against defendants Dawdy and Neal, in light of 42 U.S.C. § 1997e(a), is that those claims must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the motions for summary judgment filed by defendants Dawdy, dkt. [23], and Neal, dkt. [49], are **granted.** The claims against defendants Dawdy and Neal are **dismissed without prejudice.** No partial final judgment shall issue at this time as to the claims against Dawdy and Neal.

The clerk shall **terminate from the docket** defendants Dawdy and Neal.

The claims against remaining defendants Zachary Adams and Frank Busby **remain pending.**

**IT IS SO ORDERED.**

Date: 1/2/2020

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

JAMES STEWART-BEY
110604
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Matthew Stephen Koressel
INDIANA ATTORNEY GENERAL
matthew.koressel@atg.in.gov

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com